This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Curtis D. Taylor has appealed from a decision of the Summit County Court of Common Pleas that found him guilty of felonious assault and misdemeanor domestic violence. This Court affirms.
 I {¶ 2} On July 30, 2002, Ms. Shernell Smith ("the victim") and Appellant were engaged in an argument. The victim wanted Appellant to leave her residence and called Akron City Police, requesting assistance. Appellant was told to leave by the responding police officer. When Appellant returned approximately one hour later, the victim was taking his possessions and clothing out of her house. Another argument ensued and the victim called her mother, Peola Smith. While still on the phone with the victim, Ms. Smith called 911 on a three-way call and summoned the police to the victim's residence.
 {¶ 3} When the police arrived at the victim's residence for the second time, accompanied by an ambulance, they found the victim and her next door neighbor, Sandra Dullen, on the front porch of the victim's house. The victim was crying and appeared very distressed. One of the responding officers testified that the victim told him that Appellant had assaulted her with a pitchfork. At trial, the victim denied making this statement and denied that Appellant had assaulted her. The victim claimed that her injuries resulted from a fall over an air conditioning unit inside her house.
 {¶ 4} While the officers were talking with the victim, Appellant called the police from a nearby house to report that the victim had assaulted him with a baseball bat. Shortly thereafter, Appellant was placed under arrest. The victim was subsequently transported in the ambulance to an emergency room where she was treated for injuries consisting of blood clots, bruises and cuts. The victim's treating physician testified that the victim's injuries could have been caused by a pitchfork, a metal object, or by a fall.
 {¶ 5} Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2), and one count of domestic violence, in violation of R.C. 2919.25(A). Appellant entered a plea of not guilty, and the matter proceeded to trial. A jury found Appellant guilty of the charges in both counts of the indictment. The trial court sentenced Appellant to concurrent terms of imprisonment of two years for the charge of felonious assault, and six months for the charge of domestic violence. Appellant has timely appealed, asserting two assignments of error which we have rearranged to facilitate review.
 II Assignment of Error Number Two "THE JURY VERDICT, CONVICTING [APPELLANT] OF FELONIOUS ASSAULT AND MISDEMEANOR DOMESTIC VIOLENCE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF [SECTION 5, ARTICLE I] OF THE CONSTITUTION OF THE STATE OF OHIO. (TR. PASSIM)."
 {¶ 6} In his second assignment of error, Appellant has argued that his convictions of felonious assault and misdemeanor domestic violence are contrary to the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins, 78 Ohio St.3d 380, 387. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." Statev. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} First, in order for Appellant to be found guilty of felonious assault, the prosecution needed to prove the elements set forth in R.C. 2903.11(A) as follows: "No person shall knowingly *** [c]ause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance." Second, in order for Appellant to be found guilty of domestic violence, the prosecution was required to prove the elements set forth in R.C. 2919.25(A) as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Applying the foregoing to the facts of this case, we turn now to the evidence adduced at trial.
 {¶ 10} Appellant has contended that the pitchfork used in this case does not constitute a deadly weapon within the meaning of R.C.2923.11(A). A deadly weapon includes "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A); see, also, R.C. 2903.11(E)(1). This Court has held that the description of a deadly weapon is in the disjunctive, and "hence an item is a deadly weapon if it is capable of inflicting death and used as a weapon." Statev. Flowers (Mar. 22, 2000), 9th Dist. No. 19633, at 7. Appellant has conceded that the pitchfork employed in this case was capable of inflicting death. Appellant has argued, however, that the pitchfork was not possessed, carried, or used as a weapon.
 {¶ 11} Ms. Dullen, a next door neighbor, testified at trial that she saw Appellant enter the victim's house carrying a pitchfork. She further stated that Appellant came out of the house approximately five minutes later with the pitchfork and a baseball bat, put them on the ground, and walked away. Ms. Dullen subsequently went to the victim's house, before the police arrived. Ms. Dullen testified that the victim was crying and appeared to be hurt. The victim's treating physician testified that the victim's injuries could have been caused by a pitchfork. Further, there was abundant testimony that the victim and Appellant were engaged in a heated argument on the day the injuries occurred.
 {¶ 12} Based on the foregoing, we conclude that the jury could reasonably have inferred that Appellant used the pitchfork as a weapon after he carried it inside the victim's house.
 {¶ 13} Appellant has further contended that the jury's finding that he knowingly caused physical harm to the victim was against the manifest weight of the evidence. Physical harm means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). To determine whether Appellant acted "knowingly," his state of mind must be determined from the totality of circumstances surrounding the alleged crime. State v. Dorsey (Feb. 13, 1991), 9th Dist. No. 90CA004796, at 3.
 {¶ 14} In the case sub judice, Officer Matthew Eckart testified that when he arrived at the victim's residence, the victim was very distressed and appeared to be in a great deal of pain. The officer further testified that the victim told him that Appellant came into her house with a pitchfork and assaulted her. At trial, the victim denied telling the police officers that she was assaulted by Appellant. Ms. Dullen testified that she did not hear the victim tell the police officers that she was assaulted by Appellant. Ms. Dullen also testified, however, that she saw Appellant enter the victim's house with a pitchfork and come out of the house approximately five minutes later with the pitchfork and a baseball bat.
 {¶ 15} Dr. Scott Wilber, the emergency physician who treated the victim, also testified without objection that the victim was upset and crying, and that she stated that her boyfriend struck her with a pitchfork. Dr. Wilber explained that the victim's injuries, consisting of cuts, multiple contusions and hematomas, were caused by a blunt trauma that could have been inflicted by a pitchfork. On cross examination, Dr. Wilber stated that the victim's injuries could have been caused by a fall or by any metal object.
 {¶ 16} Ms. Smith, the victim's mother, testified that during her telephone conversation with the victim that eventually resulted in the 911 call, the victim stated that Appellant had struck her. Ms. Smith further testified that the victim said "I might die today" and that Appellant had four knives drawn on her. Ms. Smith also testified that she could hear a heated argument in progress, that Appellant used derogatory language, and that the victim requested her to call 911.
 {¶ 17} The victim denied at trial that Appellant assaulted her and testified that she fell on an air conditioner located inside her house, next to the front door. She further testified that she had been taking medication that made her drowsy and lightheaded. The victim also stated that she was swinging a baseball bat at Appellant in order to defend herself. Officer Eckart stated that, although he was not specifically looking for one, he did not recall observing or tripping over an air conditioning unit when he was inside the victim's residence. The officer testified, however, that he found a pitchfork and a baseball bat on the front lawn of the victim's residence.
 {¶ 18} Having carefully reviewed the testimony and evidence presented at trial, we cannot conclude that this is a case where the evidence weighs heavily in favor of Appellant, meriting a reversal of the conviction. Although some of the testimony was in conflict, we decline to overturn the verdict because the trier of fact believed the prosecution witnesses. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." Statev. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. Therefore, we cannot conclude that the jury clearly lost its way or created a manifest miscarriage of justice when it convicted Appellant of felonious assault and misdemeanor domestic violence. Appellant's second assignment of error is without merit.
 Assignment of Error Number One "THE EVIDENCE PRESENTED AT [APPELLANT'S] TRIAL FOR FELONIOUS ASSAULT AND MISDEMEANOR DOMESTIC VIOLENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE JURY'S GUILTY VERDICT IN VIOLATION OF [APPELLANT'S] DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER [SECTION 10, ARTICLE I] OF THE CONSTITUTION OF THE STATE OF OHIO. (TR. PASSIM)."
 {¶ 19} In his first assignment of error, Appellant has argued that his convictions were not supported by sufficient evidence. Specifically, Appellant has argued that the state failed to establish beyond a reasonable doubt that he caused the injuries sustained by the victim.
 {¶ 20} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal *** if the evidence is insufficient tosustain a conviction[.]" (Emphasis added.) The Supreme Court of Ohio explained that "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
 {¶ 21} This Court has previously held that a "defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting State v. Miley
(1996), 114 Ohio App.3d 738, 742, appeal not allowed (1997),77 Ohio St.3d 1548. It is a fundamental principle of appellate review that a court will not consider an error that an appellant was aware of, yet failed to bring to the attention of the trial court. See State v. Awan
(1986), 22 Ohio St.3d 120, 122; see, also, State v. Williams (1977),51 Ohio St.2d 112, 117, vacated on other grounds (1978), 438 U.S. 911,98 S.Ct. 3137, 57 L.Ed.2d 1156. Moreover, appellate courts in Ohio have held that if a defendant sets forth specific grounds in his motion for acquittal, he waives review of all grounds not specified. See State v.Swanner (May 18, 2001), 4th Dist. No. 00CA2732, 2001 Ohio App. LEXIS 2299, at *15; State v. Cayson (May 14, 1998), 8th Dist. No. 72712, 1998 Ohio App. LEXIS 2169, at *6, appeal not allowed (1998), 83 Ohio St.3d 1431.
 {¶ 22} In the case at bar, Appellant moved for acquittal pursuant to Crim.R. 29 at the close of the state's evidence, and the trial court denied the motion. Appellant then renewed the motion at the close of all the evidence, but only with respect to the charge of misdemeanor domestic violence.[1] After a careful review of the record, however, we find that Appellant did not renew the Crim.R. 29 motion with respect to the charge of felonious assault. Accordingly, Appellant has waived any challenge to the sufficiency of the evidence regarding his conviction of felonious assault.
 {¶ 23} With respect to Appellant's assertion that his conviction of domestic violence was not supported by sufficient evidence, we note that an evaluation of the weight of the evidence is dispositive of both issues. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. As we have already determined that Appellant's convictions are not against the manifest weight of the evidence, we need not further address Appellant's first assignment of error.
 III {¶ 24} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. and BATCHELDER, J. CONCUR.
[1] Appellant argued that the prosecution failed to meet its burden to show a familial or domestic relationship between Appellant and the victim. The trial court denied the motion.